Taft, J.,
dissenting. The question to be decided is whether a monthly annuity received under the provisions of the United States Civil Service Retirement Act (Title 5, Chapter 14, U. S. Code) is described by the words of subdivision a (3) of Section 1345-7, General Code (now subdivision (A) (3) of Section 4141.31, Revised Code), which read, “Old age benefits under Title II of the Social Security Act as amended, or similar payments under any act of Congress.”
The majority opinion in effect substitutes for the word *531 “similar” used by the General Assembly in the foregoing statute, the word “identical” or the words “substantially identical.” Obviously, one payment may be “similar” to another even though there are dissimilarities between them. Even the majority concedes that there are “apparent similarities between civil service retirement payments and social security or old age benefits.”
If the words “similar payments” in the foregoing-quoted part of our statute do not describe a monthly annuity under the provisions of the United States Civil Service Retirement Act, they are meaningless. What else could they describe? Even Congress recognized that such an annuity was a similar payment when, in providing for old age benefits under Title II of the Social Security Act, it said in subdivision (a) of Section 410 of Title 42 of the U. S. Code:
“The term ‘employment’ * * * shall not include * * *
“(7) (A) Service performed in the employ of the United States * * * if such service is covered by a retirement system, established by a law of the United States.” (Emphasis added.)
It thus appears that the reasons, advanced for the administrative decisions in Missouri and Minnesota and relied upon by the majority, should not be persuasive in inducing this court to depart from the long continued and uniform administrative interpretation of the words of our statute that are involved in the instant case, especially since that administrative interpretation has apparently never even been heretofore questioned in this state.
Weygandt, C. J., and Stewart, J., concur in the foregoing dissenting opinion.